**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA CHARLES KUJAWA, individually and on behalf of all others similarly situated, | : | CASE NO. 25-cv-768 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TATE & KIRLIN ASSOCIATES, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | / | |

## JOINT REPORT OF RULE 26(F) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 24, 2025 and submit the following report of their meeting for the court's consideration:

**1.      Discussion of Claims, Defenses and Relevant Issues**

### *Plaintiff's Statement*

*Summary of Claims, Defenses and Relevant Issues*

The Plaintiff Joshua Charles Kujawa ("Plaintiff") alleges that Tate & Kirlin Associates, Inc. ("Defendant") uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers in alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Indeed, the Plaintiff has no relationship whatsoever with the Defendant but got pre-recorded calls with an identical message:

> Hi, this is Arlene Daniels calling from Tate & Kirlin Associates. Please call me at 1-888-738-6704.

The use of automated and pre-recorded technology is not done in a vacuum. It only makes fiscal

1

and company resource sense to send them *en masse*. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff have brought suit on behalf of a proposed nationwide class of other persons who received similar calls.

The primary issues in the case from the Plaintiff's perspective are: (1) the propriety of Class Certification; and (2) Whether Defendant utilized any database to ensure that it was only contacting its customers.

### *Defendant's Statement*

Defendant does use prerecorded messages when leaving messages for persons who owe or allegedly owe its clients a past due obligation. Defendant has a process and procedure for handling wrong numbers and does not intentionally leave messages at wrong numbers. From Defendant's perspective, the primary issue in this case is the propriety of class certification, including ascertainability of the class based on Plaintiff's proposed class definition.

### 2.      Informal Disclosures

The parties made their informal disclosures, with documents, on **May 1, 2025**.

### 3.      Formal Discovery

The parties agree that all discovery conducted in the case will be conducted formally, and will need to include written Interrogatories, Requests for Production, Requests for Admission, and depositions. The parties reserve their right to seek other forms of discovery should the circumstances warrant them.

Given the complex nature of the case and the need for expert discovery as to both class certification issues and the merits, the parties believe there are compelling reasons for a discovery period longer than 120 days. The parties believe discovery of information relevant to Rule 23's requirements for class certification will take significant time.

2

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and related thereto; (2) email and other communications related to any relationship with a vendor who made calls for the Defendant; (3); (4) Defendant's policies and procedures concerning TCPA compliance; and (5) recorded call complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

The parties therefore propose the following case management/discovery schedule:

- Fact Discovery Deadline:  January 9, 2026
- Expert Disclosures:  February 6, 2026
- Class Certification Motion:  May 4, 2026
- Class Certification Opposition:  June 1, 2026
- Dispositive Motion Deadline:  To be entered upon resolution of the motion for class certification.

### 4.    Electronic Discovery

In order to preserve electronically stored information (ESI), the parties have placed a litigation hold on all potentially relevant ESI (including email communications) and have agreed to produce data as .csv files and all other ESI as text-searchable .pdf files, or other commercial readable or native format when .pdf format cannot be used.  The parties further agree that they will bear their own costs for the production of ESI.

### 5.    Expert Witness Disclosures

The parties have incorporated their suggested expert witness disclosures in the proposed

schedule above.

**6.     Insurance Coverage**

Defendant does have insurance coverage and said policy was produced to Plaintiff in Defendant's Initial Disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A)(iv).

**7.     Settlement or Resolution**

Counsel for the parties have discussed the possibility of early resolution through ADR with their clients and with opposing counsel. The parties agree that discovery into class certification issues is needed before meaningful settlement discussions can occur.

The parties have agreed to discuss further possibilities for resolution through ADR as the case progresses and expect that private mediation will likely be the most successful form of ADR when the time is right.

**8.     Trial date**

The parties request the Court set a trial date with a date certain upon resolution of Plaintiff's motion for class certification as lead counsel for both parties will be traveling from outside the district.

**9.     Length of Trial**

The parties believe that if a class is certified, trial will take 5 days.


Dated:  June 13, 2025                    */s/ Anthony I. Paronich*
                                         Anthony I. Paronich
                                         PARONICH LAW, P.C.
                                         350 Lincoln Street, Suite 2400
                                         Hingham, MA 02043
                                         Tel: (617) 485-0018
                                         Fax: (508) 318-8100
                                         anthony@paronichlaw.com

4

*Counsel for Plaintiff and the proposed class*

**BARRON & NEWBURGER, P.C.**

By:      /s/ Brit J. Suttell
             BRIT J. SUTTELL, ESQUIRE
             PA Id. No. 204140
             6100 219th St. SW
             Suite 480
             Mountlake Terrace, WA  98043
             (484) 999-4232
             britjsuttell@bn-lawyers.com
             Counsel for Defendant Tate & Kirlin
             Associates, Inc.