*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

# CLASS ACTION SETTLEMENT AGREEMENT

Joshua Charles Kujawa ("Plaintiff") and Tate & Kirlin Associates, Inc., ("Defendant") (collectively with Plaintiff, the "Parties") enter into this arm's-length class action settlement agreement ("Agreement").

**1. Recitals:**

1.1. Plaintiff filed a class action complaint against Defendant, 2:25-cv-00768 (E.D. Pa.) ("Lawsuit").

1.2. In the Lawsuit, Plaintiff alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1.3. The Defendant answered the Lawsuit's Complaint.

1.4 Defendant denies any wrongdoing or liability related to the allegations included in the Lawsuit and denies any improper conduct or violation of the TCPA.

1.5 On November 19, 2025, Plaintiff and Defendant mediated Plaintiff's claims.

1.6 The Parties reached a tentative settlement and signed a term sheet.

1.7. The Parties now intend to settle and finally resolve all claims Plaintiff asserts through the Lawsuit.

1.8. Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and his counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation is not in the best interest of members of the settlement class that is the subject of this Agreement.

1.9. Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant believes it is in its best interest to enter into the settlement memorialized by this Agreement to finally resolve all claims asserted in the Lawsuit.

1.10. Plaintiff and his counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

1.11. The Parties agree to undertake all steps necessary to secure court approval of the settlement memorialized by this Agreement.

1.11. The settlement memorialized by this Agreement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims he asserts through the Lawsuit.

1

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

1.12. The settlement memorialized by this Agreement is not to be construed as an admission or concession by Defendant regarding liability or wrongdoing, and Defendant denies any liability, denies that it violated the TCPA, and denies any other wrongdoing.

2. **Definitions:**

   2.1. "Approved Claim Form" means a claim form that a Settlement Class Member (defined below) timely submits, and that the Claims Administrator (defined below) approves for payment.

   2.2. "Claims Administrator," subject to the Court's (defined below) approval, means Angeion Group.

   2.3. "Claim Form" means the form that Settlement Class Members must submit to obtain a monetary recovery in connection with the Settlement (defined below).

   2.4. "Class Counsel" means Paronich Law, P.C.

   2.5. "Class Notice" means the notice that the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes a postcard notice with detachable claim form, and a question-and-answer notice to appear on the dedicated settlement website.

   2.6. "Court" means the United States District Court for the Eastern District of Pennsylvania.

   2.7. "Fairness Hearing" means the hearing that the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

   2.8. "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to review by any court.

   2.9. "Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

   2.10. "Order Preliminarily Approving the Settlement" means the order, in a form substantially similar to Exhibit 2 to this Agreement, preliminarily approving the Settlement and authorizing the dissemination of class notice.

   2.11. "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

   2.12. "Released Party(ies)" means Tate & Kirlin Associates, Inc. and any of its past, present and future direct or indirect parents, subsidiaries, divisions, sister companies, affiliates, related entities, holding companies, unincorporated business units, vendors, independent contractors, stockholders, officers, directors, insurers, general or limited partners,

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 3 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

principals, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing).

2.13. "Released Claims" means all claims to be released as set forth in Section 14 of this Agreement.

2.14. "Releasors" means Plaintiff and every Settlement Class Member, on behalf of themselves and their respective spouses, heirs, executors, trustees, administrators, successors, predecessors in interest, assigns, insurers, and reinsurers in their capacity as such, and any other person or entity claiming through any of them, who does not timely and validly exclude themself from the Settlement Class.

2.15. "Settlement" means the settlement memorialized by this Agreement.

2.16. "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

> All persons throughout the United States (1) to whom Tate & Kirlin Associates, Inc. placed, or caused to be placed, a call to collect a debt, (2) directed to a number assigned to a cellular telephone, but not assigned to a Tate & Kirlin Associates, Inc. client, (3) in connection with which Tate & Kirlin Associates, Inc. used an artificial or prerecorded voice, (4) from February 13, 2021, through the date of preliminary approval, (5) as identified in the Expert Report of Aaron Woolfson.

2.17. "Settlement Class Members" mean all members of the Settlement Class.

3. **Jurisdiction:**

   3.1. The Parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, and expenses, and to supervise the administration and distribution of proceeds associated with the Settlement.

4. **Certification:**

   4.1. The Parties agree to certification of the Settlement Class for settlement purposes only.

   4.2. The Parties estimate that approximately 19,562 unique telephone numbers will fall within the class definition.

   4.3 That estimate is based on the Expert Report of Aaron Woolfson.

Case 2:25-cv-00768-GAM Document 19-1 Filed 01/19/26 Page 4 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

4.4 Class Counsel will deliver, within fourteen (14) business days after the Preliminary Approval Date, a list in Excel format of the unique cellular telephone numbers from the expert report of Aaron Woolfson.

4.5 Defendant disputes that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Lawsuit. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Paragraph 2.16, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3). Certification of the Settlement Class for settlement purposes will not be deemed a concession that certification of any litigation class in the Lawsuit is, or was, appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the Lawsuit or in any other action if the Agreement is not finalized or finally approved. If the Agreement is not finally approved by the Court through its final, substantive order on Plaintiff's motion to finally approve the Settlement, and after the Fairness Hearing in this matter, for any reason, the certification of the Settlement Class resulting from this Agreement will be voidable in line with Section 24 of this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant. Furthermore, this Agreement may only be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification for purposes of settlement in this Lawsuit, and may not be used to establish the same in any other litigated certification proceedings or any other judicial proceeding outside of this Lawsuit or within this Lawsuit for any purpose other than settlement.

5. **Preliminary Approval:**

    5.1. Plaintiff will file an unopposed motion to preliminarily approve the Settlement.

    5.2. Through his motion to preliminarily approve the Settlement, Plaintiff will request that:

    A. The Court preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiff as the representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

    B. The Court preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

    C. The Court approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

    D. The Court set the date and time for the Fairness Hearing; and

    E. The Court set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

Case 2:25-cv-00768-GAM  Document 19-1  Filed 01/19/26  Page 5 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

5.3. Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

**6. Class Action Fairness Act Notice:**

6.1. The Claims Administrator will be responsible for directing notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Notice will be served within ten (10) business days after Plaintiff files his unopposed motion to preliminarily approve the Settlement.

6.2. Defendant or the Claims Administrator will provide Class Counsel with a copy of the CAFA notice no later than two (2) business days after it is served.

6.3. Defendant or the Claims Administrator will also file with the Court, at least thirty (30) days prior to the Fairness Hearing, a notice attesting to compliance with CAFA.

**7. Notice to Members of the Settlement Class:**

7.1. The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2. The Claims Administrator's responsibilities will include, but will not be limited to:

A. Disseminating notice to potential Settlement Class Members;

B. Performing a cellular telephone number scrub for certain telephone numbers Plaintiff and Defendant provide to it;

C. Sending direct mail notice by postcard, with the Claim Form, to potential Settlement Class Members, where possible;

D. Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

E. Fielding inquiries about the Settlement;

F. Processing settlement claims;

G. Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

H. Approving settlement claims, and rejecting settlement claims where there is evidence of fraud;

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

        I.   Directing the mailing of settlement checks to Settlement Class Members;

        J.   Performing any other tasks reasonably required of it; and

        K.   Directing notice under CAFA, as described in Section 6.

7.3.   The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

        A.   The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

        B.   The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

        C.   The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

        D.   The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4.   The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.   Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will mail the Class Notice and a Claim Form to potential Settlement Class Members, where possible.

7.6.   The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7.   If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8.   Subject to Section 7.9 of this Agreement, Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the Settlement Fund (defined below) is established and funded.

7.9.   Defendant will be entitled to an offset for any payments it makes to the Claims Administrator prior to the date on which the Settlement Fund is established and funded, from the Settlement Fund once it is established and funded.

7.10.   The Parties will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for preliminary approval with the Court, with

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 7 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

the exception of potential claims administrators. The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel will not be prohibited from communicating with any Settlement Class Member regarding the Lawsuit or the Settlement.

8. **Publication of Class Notice:**

    8.1. Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will arrange for publication of the Class Notice.

9. **Settlement Website:**

    9.1. The Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to submit claims. The settlement website will be live not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court.

    9.2. At a minimum, the downloadable information and documents on the settlement website must include, when available, this Agreement, the Class Notice, a Claim Form, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's second amended class action complaint, and the Final Order and Judgment.

    9.3 The Settlement Website domain will be mutually selected by the parties.

10. **Final Approval:**

    10.1. At least ten (10) days prior to the Fairness Hearing, the Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and exclusions, if any.

    10.2. Prior to the Fairness Hearing, Plaintiff will file an unopposed motion to finally approve the Settlement.

    10.3. Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

11. **Consideration:**

    11.1. Defendant will create a non-reversionary common fund in the amount of $1,000,000.00, less any amounts paid to the Claims Administrator per Sections 7.8 and 7.9, to compensate members of the Settlement Class ("Settlement Fund"). The Settlement Fund will be held in escrow at Huntington Bank as described in paragraph 11.3, and may be interest bearing.

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

11.2.  In consultation with the Claims Administrator, Defendant will fund the Settlement Fund within thirty (30) days of the Court's issuance of the Order Preliminarily Approving the Settlement.

11.3.  The Claims Administrator will place the Settlement Fund at Huntington Bank in an Intrafi Cash Service (ICS) account, which is 100% backed by the FDIC (the "Account"), created by order of the Court, and intended to be a separate taxable entity and qualify as a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Department Regulations ("Treasury Regulations") promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). Defendant will be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Claims Administrator will be designated as the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Claims Administrator will timely provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The parties agree to the tax treatment of the QSF as set forth in Section 21. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund. Defendant and each Released Party shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Claims Administrator, or any transactions executed by the Claims Administrator. Defendant and each Released Party further shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Claims Administrator.

11.4.  Paid from the Settlement Fund will be:

   A. Compensation to class members who submit approved claims calculated on a pro-rata basis;

   B. The cost of notice to potential class members and claim administration, including costs associated with identifying potential class members;

   C. Litigation costs and expenses, for which Class Counsel will petition the Court;

   D. Reasonable attorneys' fees, calculated as a percentage of the common fund, for which Class Counsel will petition the Court; and

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 9 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

      E. An incentive award for Plaintiff, for which Class Counsel will petition the court.

11.5. Each Settlement Class Member who submits an Approved Claim Form, which provides their name, address, and telephone number, either online no later than seventy-five (75) days after the Preliminary Approval Date, or by U.S. Mail with a postmark of no later than sixty (60) days after the Preliminary Approval Date, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund after deducting:

      A. Costs and expenses of administrating the Settlement, including notice to potential Settlement Class Members;

      B. Class Counsel's attorneys' fees, subject to the Court's approval; and

      C. Class Counsel's litigation costs and expenses not to exceed $25,000.00, subject to the Court's approval.

11.6. A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, or how many prerecorded voice messages Defendant delivered to the Settlement Class Member.

11.7. Each settlement check issued to a Settlement Class Member will be valid for one-hundred-twenty (120) days after the date of issuance.

11.8. Any funds not ultimately paid out as the result of uncashed settlement checks will be paid out as a *cy pres* award to the National Legal Aid and Defender Association, subject to the Court's approval.

**12. Exclusions:**

12.1. Any Settlement Class Member who wishes to exclude themself from the Settlement must mail a written request for exclusion personally signed by the Settlement Class Member to the Class Administrator, postmarked no more than sixty (60) days after the Preliminary Approval Date.

12.2. Through their request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include their:

      A. Full name;

      B. Address;

      C. Telephone number called by Defendant; and

      D. A statement that they wish to be excluded from the Settlement.

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 10 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

    12.3.    Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement. Every Settlement Class Member who does not timely and properly submit a written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit. The satisfaction of all the Released Claims against Defendant, as well as entry of the Final Order and Judgment, will be binding upon all Settlement Class Members who do not exclude themselves.

    12.4.    The Claims Administrator will provide a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten (10) days after the deadline for exclusions.

    12.5.    Settlement Class Members may exclude themselves on an individual basis only.

    12.6.    "Mass" or "class" exclusions submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed, and will not be considered valid.

## 13. Objections:

    13.1.    Any Settlement Class Member who wishes to object to the Settlement must mail a written notice of objection to the Class Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

    13.2.    Through their notice of objection, and subject to the Court's approval, a Settlement Class Member must include:

        A.  Their full name;

        B.  Their address;

        C.  Their telephone number to which Defendant placed a subject artificial or prerecorded voice call from February 13, 2021, through the Preliminary Approval Date, to demonstrate that the objector is a member of the Settlement Class;

        D.  A statement of the objection;

        E.  A description of the facts underlying the objection;

        F.  A description of the legal authorities that support each objection;

        G.  A statement noting whether the objector intends to appear at the Fairness Hearing;

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

      H.   A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

      I.   A list of exhibits that the objector intends to present at the Fairness Hearing; and

      J.   A signature from the objecting Settlement Class Member.

13.3.   Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4.   If a Settlement Class Member submits both an objection and an exclusion, they will be considered to have submitted an exclusion (and not an objection).

13.5   Any Settlement Class Member who fails to comply with the provisions of Section 13 will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object, and will be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Lawsuit.

13.6   Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Fairness Hearing. The party responding must file a copy of the response with the Court, and must serve a copy, by email or overnight delivery, if reasonably possible, to the objector (or counsel for the objector).

## 14. Release:

14.1.   Upon the Court's entry of the Final Order and Judgment, Releasors release and forever discharge the Released Parties from any and all rights, duties, obligations, claims, actions, demands, causes of action, suits, damages (including consequential damages, losses or costs, and punitive damages), attorneys' fees and costs, or liabilities, arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* or similar or related statutes under state law, or any rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling by the Federal Communications Commission or otherwise) applicable to the TCPA or similar or related statutes under state law, and the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, *et seq.*, (FDCPA), or similar or related statutes under state law whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, accrued or which may hereafter accrue through the Preliminary Approval Date, actual or contingent, liquidated or unliquidated, punitive or compensatory, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative, or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties, and injunctive or declaratory relief, that arise out of: (a) artificial or prerecorded calls to cellular telephone numbers made by Tate & Kirlin Associates, Inc. and (b) the administration of the Settlement (the "Released Claims").

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 12 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

14.3 Plaintiff and Releasors agree and covenant, and each Releasor will be deemed to have agreed and covenanted, not to sue the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

14.4 The Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasors expressly assume the risk, they freely and voluntarily give the release as set forth herein.

## 15. Exclusive Remedy:

15.1. The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

## 16. Attorneys' Fees, Costs, and Expenses:

16.1. Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund.

16.2. Class Counsel will submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $25,000.00 to be paid from the Settlement Fund.

16.3. The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, will not affect the finality of the Settlement.

16.4. In the event that the Court declines Class Counsel's request for attorneys' fees, costs, and expenses, or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the parties.

## 17. No Admission of Liability:

17.1. This Agreement and all related communications are for settlement purposes only and will not be construed or deemed to be evidence of an admission or concession by the Released Parties with respect to any claim, fault, liability, wrongdoing, or damage whatsoever and will not be construed or deemed to be evidence of any admission of any claim, fault, liability, wrongdoing, or damage or that any person or entity is entitled to relief. Defendant expressly denies all charges of wrongdoing or liability against Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lawsuit, and Defendant continues to believe the claims asserted against Defendant in the Lawsuit are without merit. Nothing in this Settlement Agreement shall be construed as an admission by Defendant in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court,

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 13 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendant has engaged in any conduct or practices that violate any federal statute or other law. This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms.

18. **Representations and Warranty:**

    18.1. Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

    18.2 Each party acknowledges, agrees, and specifically warrants that they have fully read this Agreement and the releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the releases, and the legal effects of this Agreement and the releases, and fully understands the effect of this Agreement and the releases. Each party to this Agreement warrants that they are acting upon their independent judgment and upon the advice of their own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

19. **Appeals:**

    19.1. If a Settlement Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support the Settlement on appeal.

    19.2. Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel, from appealing any order inconsistent with this Agreement.

20. **Distribution of the Settlement Fund:**

    20.1. Within thirty (30) days of the Finality Date, the Claims Administrator will mail a settlement check to each Settlement Class Member who submitted an Approved Claim Form.

    20.2. Within five (5) days of the Finality Date, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

    20.3. If any money remains in the non-reversionary Settlement Fund after the date that all initial settlement checks are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), and if the amount that remains is sufficient to issue second checks of at least $5.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement check, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

Case 2:25-cv-00768-GAM Document 19-1 Filed 01/19/26 Page 14 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

20.4. If any money remains in the Settlement Fund after the date that all settlement checks (*i.e.*, initial settlement checks, and if applicable, second settlement checks) are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), this amount will be paid as a *cy pres* award to the National Legal Aid and Defender Association, subject to the Court's approval.

**21. Taxes:**

21.1. Plaintiff and Defendant agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under the Code. It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2. For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the Settlement Fund.

21.3. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by the Claims Administrator from the Settlement Fund.

21.4. Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the Settlement Fund.

21.6 In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. All such taxes and tax-related expenses shall be paid out of the Settlement Fund.

Case 2:25-cv-00768-GAM    Document 19-1    Filed 01/19/26    Page 15 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

21.7  Defendant shall timely deliver to the Claims Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

21.8  The Claims Administrator will engage in reporting to the Internal Revenue Service and such other state and local taxing authorities as may be required by law. The parties acknowledge that the Claims Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder. In addition, the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Claims Administrator, each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

21.9  Defendant makes no representation to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

21.10  The Parties agree that payments made to the Settlement Fund are compensatory only and not payments made to satisfy any fines, penalties, punitive damages, or prejudgment interest nor are such payments "to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law" within the meaning of Section 162(f) of the Code.

**22. Stay:**

22.1.  The Parties stipulate that all proceedings in connection with this matter should be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2.  The stipulated stay of proceedings will not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

**23. Miscellaneous Provisions:**

23.1.  This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

Case 2:25-cv-00768-GAM     Document 19-1     Filed 01/19/26     Page 16 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

23.2. Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3. All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Tel: (617) 485-0018
> Fax: (508) 318-8100
> anthony@paronichlaw.com
>
> (*counsel for Plaintiff and the Settlement Class*)
>
> Brit Suttell
> Barron & Newburger, P.C.
> 6100 219th St. SW, Suite 480
> Mountlake Terrace, WA  98043
> Tel: (484) 999-4232
> britjsuttell@bn-lawyers.com
>
> (*counsel for Defendant*)

23.4. Section headings in this Agreement are for convenience and reference only, and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5. The Parties will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6. The Parties drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7. This Agreement binds successors and assigns of the Parties.

23.8. Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

23.9 Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify

Case 2:25-cv-00768-GAM   Document 19-1   Filed 01/19/26   Page 17 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision, hereunder. Provided, however, that the terms of this section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid.

23.10  A waiver by one party of any provision or breach of this Agreement by any other party will not constitute a waiver of any other provision or breach of this Agreement.

23.11  This Agreement is made and entered into within and will be governed by, construed, interpreted, and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to the principles of conflicts of laws.

23.12  This Court shall retain continuing and exclusive jurisdiction over the parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

23.13  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of the Parties and as approved by the Court, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

## 24. Termination:

24.1.  If any of the conditions set forth below occurs and either (a) Plaintiff or (b) Defendant give notice that such party or parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement shall terminate and be null and void, and the parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into:

   (a)  The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

   (b)  Any objections to the proposed Settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing party deems in good faith to be material (e.g., because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

   (c)  The Final Order and Judgment of the Settlement described in this Agreement results in changes that the withdrawing party deems in good faith to be material (e.g., because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

Case 2:25-cv-00768-GAM     Document 19-1     Filed 01/19/26     Page 18 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

    (d)    The Final Order and Judgment of the Settlement described in this Agreement is (i) substantially modified by an appellate court and the withdrawing party deems any such modification in good faith to be material (e.g., because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement) or (ii) reversed by an appellate court.

24.2    Prior to termination, the Parties must negotiate in good faith to modify the terms of this Agreement in order to revive the Settlement.

24.3    If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to Defendant.

24.4    In the event that the Agreement is not approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Defendant within sixty (60) days of the event that causes the Agreement to not become effective.

## 25. Survival:

25.1.    The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

## 26. Dismissal:

26.1    The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

## 27. Confidentiality and Publicity:

27.1    The Parties agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame or disparage the personal or business reputation, practices, or conduct of the parties, or their respective counsel concerning all Released Claims, as well as the litigation of this Lawsuit, the Agreement, and any discussions, interactions, or negotiations of the Agreement by the parties and their counsel; provided, however, nothing herein shall preclude any party or its agents, representatives, or counsel from any good faith response to any inquiries under oath or in response to a government inquiry or from making statements in the course of legal proceedings, or from non-public privileged

Case 2:25-cv-00768-GAM Document 19-1 Filed 01/19/26 Page 19 of 20

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

communications with Settlement Class Members with regard to the Settlement. None of the foregoing is intended to limit the Parties' counsels' ability to practice law, and to the extent there is any conflict with any rules of professional responsibility, rules of professional responsibility govern.

**28. Signatures:** *(See following page)*.

*Class Action Settlement Agreement – Kujawa vs. Tate & Kirlin Associates, Inc.*

Joshua Charles Kujawa							Date

_____					*01/12/2026*
											_____

Anthony Paronich							Date
Counsel for Joshua Charles Kujawa

_____					_January 11, 202_____

Tate & Kirlin Associates, Inc.						Date

*Dick Tate*
_____					_____1-9-26_____

Brit Suttell								Date
Counsel Tate & Kirlin Associates, Inc.

*Brit J. Suttell*
_____					_____January 9, 2026_____

20