UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph Charles Kujawa, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Tate & Kirlin Associates, Inc.,<br><br>Defendant. | Civil Action No.: 2:25-cv-768 |

**(PROPOSED) ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This Court is advised that the parties to this action, Joseph Kujawa ("Plaintiff") and Tate & Kirlin Associates, Inc. ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **[date]**, after notice to the settlement class members, to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453,

1

and 1711-1715, Defendant will cause to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom Tate & Kirlin Associates, Inc. placed, or caused to be placed, a call to collect a debt, (2) directed to a number assigned to a cellular telephone, but not assigned to a Tate & Kirlin Associates, Inc. client, (3) in connection with which Tate & Kirlin Associates, Inc. used an artificial or prerecorded voice, (4) from February 13, 2021, through the date of preliminary approval, (5) as identified in the Expert Report of Aaron Woolfson.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Anthony Paronich of Paronich Law, P.C. as class counsel for the settlement class.

This Court preliminarily finds, for settlement purposes, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    A.    The settlement class is so numerous that joinder of all members is impracticable:

    B.    Common questions exist as to each settlement class member:

    C.    Plaintiff's claims are typical of the claims of the settlement class members:

    D.    Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members:

    E.    Questions common to settlement class members predominate over any questions affecting only individual members:

    F.    A class action is superior to other available methods for the fair and efficient adjudication of this matter:

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate,

and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

This Court also considered the following factors in preliminarily finding that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A) whether Plaintiff and class counsel have adequately represented the class;

(B) whether the proposal was negotiated at arm's length;

(C) whether the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator— Angeion Group will administer the settlement and distribute notice of the settlement to the settlement class members. Angeion Group will be responsible for mailing the approved class action notices and settlement checks to the settlement

3

class members. All reasonable costs of notice and administration will be paid from the $1,000,000 common fund.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B).

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than thirty (30) days after this Court's entry of this order, *i.e.*, **[date]**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than seventy-five (75) days after this Court's entry of this order, *i.e.*, no later than **[date]**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Kujawa v. Tate & Kirlin* action." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach

4

a copy of the power of attorney authorizing that signature. A settlement class member may exclude himself or himself on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of settlement class members or multiple settlement class members are not allowed, and will not be permitted by the Court.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within sixty (60) days after this Court's entry of this order, *i.e.*, no later than **[date]**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to:

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Brit Suttell
Barron & Newburger, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA  98043
Tel: (484) 999-4232
britjsuttell@bn-lawyers.com

United States District Court for the Eastern District of Pennsylvania

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

    a.    Full name;

      b.      Address;

      c.      Telephone number to which Defendant placed a subject artificial or prerecorded voice call from February 13, 2021, through **[the date the Court preliminarily approves the parties' class action settlement]**, to demonstrate that the objector is a member of the settlement class;

      d.      A statement of the objection;

      e.      A description of the facts underlying the objection;

      f.      A description of the legal authorities that support each objection;

      g.      A statement noting whether the objector intends to appear at the fairness hearing;

      h.      A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

      i.      A list of exhibits that the objector intends to present at the fairness hearing; and

      j.      A signature from the objecting settlement class member.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded themselves from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the Eastern District of Pennsylvania, to determine:

    A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;

    C.    Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

    D.    To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than fourteen (14) days before the final fairness hearing *i.e.*, no later **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with this Court no later than forty (40) days after this Court's entry of this Order, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. Certain events described in the Agreement, however, provide grounds

for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

| [Date]: | Order Preliminarily Approving the Settlement Entered |
| --- | --- |
| [Date]: | Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Deadline to Submit Claims, Send Exclusion, or File Objection (sixty days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| [Date]: | Deadline for the parties to respond to any objection (seven days before final fairness hearing) |
| [Date]: | Final Fairness Hearing |

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE