IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA CHARLES KUJAWA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TATE & KIRLIN ASSOCIATES, INC.<br><br>Defendant. | CASE NO. 25-cv-00768-GAM |

**PLAINTIFF'S SUPPLEMENT IN SUPPOT OF UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Joshua Charles Kujawa ("Plaintiff"), by and through Class Counsel, respectfully submits this Supplemental Memorandum pursuant to the Court's January 21, 2026 Order directing Plaintiff to provide additional detail regarding: (1) the methods that will be used to identify Settlement Class Members; and (2) the experience and capabilities of the proposed Settlement Administrator, Angeion Group, LLC ("Angeion").

This supplemental filing is intended to assist the Court's preliminary approval analysis under Federal Rule of Civil Procedure 23(c)(2) and 23(e), and to demonstrate that the proposed notice and administration plan constitutes the best notice practicable under the circumstances and that Angeion is well qualified to serve as Settlement Administrator in this matter.

0

## I.     METHODS TO IDENTIFY CLASS MEMBERS

The Settlement Class consists of approximately 19,562 unique cellular telephone numbers identified through Defendant's call records and analyzed by Plaintiff's retained expert, Aaron Woolfson. These numbers fall squarely within the Settlement Class definition set forth in the Settlement Agreement and Plaintiff's Motion for Preliminary Approval.

As explained in greater detail below, the identification and notice methodology proposed here is consistent with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and comports with due process. *See e.g. City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 439 (3d Cir. 2017).

Class Counsel has provided Angeion with an electronic dataset consisting of the 19,562 unique cellular telephone numbers identified in the expert report of Aaron Woolfson. This dataset was derived from Defendant's own calling records and reflects calls made using an artificial or prerecorded voice to cellular telephone numbers not assigned to Tate & Kirlin clients during the class period, as Tate & Kirlin had assigned them a "wrong number" designation.

Courts have approved the use of defendant-maintained call logs and expert analysis as a reliable basis for identifying TCPA settlement classes after evaluating Third Circuit controlling law. *See e.g. Johnson v. Comodo Grp., Inc.,* No. 16-4469 (SDW) (LDW), 2020 U.S. Dist. LEXIS 18033 (D.N.J. Jan. 31, 2020) (adversely certifying TCPA case using defendant's calling data analyzed by an expert). The use of this objective, business-record data ensures that the class is ascertainable and that notice is directed only to individuals who fall within the Settlement Class definition.

1

Because the initial class list consists of telephone numbers rather than names and addresses, Angeion will employ reverse telephone number lookup procedures to identify individual Settlement Class Members and obtain corresponding contact information. As set forth in the Declaration of Eric Schachter of Angeion Group ("Schachter Decl."), Angeion subscribes to established third-party information providers, including nationally recognized data aggregators and credit reporting agencies, to perform reverse lookups using telephone numbers as search keys. (Exhibit 1, Schachter Decl. ¶ 6.) Through these searches, Angeion will attempt to associate each telephone number with a corresponding name and mailing address for purposes of providing direct notice. Indeed, the *Johnson v. Comodo Grp., Inc.,* adopted this approach with respect to their adversary certification of a TCPA case:

> Ms. Verkhovskaya identified 34,568 unique telephone numbers that were dialed by Defendant automatically or using a prerecorded voice. (D.E. 115-6 ¶¶ 20-22.) She proposes to use a LexisNexis database to input these telephone numbers and produce a report detailing subscribers/users of the [*21] telephone numbers, including names, addresses, associated date ranges, and whether each number is a cellular number or landline—a process known as "reverse-append." (*Id.* ¶¶ 31-32.)

This reverse-lookup process is a widely accepted method for identifying class members in TCPA cases where only telephone number data is available. *See Hunter v. Time Warner Cable Inc.*, Civ. No. 15-6445, 2019 U.S. Dist. LEXIS 137495, 2019 WL 3812063, at *13 (S.D.N.Y. Aug. 14, 2019) (citing cases where reverse-append was adopted). Courts have repeatedly approved similar methodologies as reasonable and sufficient to satisfy due process in TCPA cases. *See, e.g., Knapper v. Cox Comm'ns, Inc.*, 329 F.R.D. 238, 245 (D. Ariz. 2019) (recognizing the reverse lookup process is the industry standard and is commonly used

2

in TCPA cases).

To further ensure that notice reaches as many Settlement Class Members as practicable, Angeion will implement a comprehensive, multi-step address verification and updating process, consistent with industry best practices. Specifically, as detailed in the Schachter Declaration:

- **NCOA Processing:** All mailing addresses obtained through reverse lookups will be standardized and run against the United States Postal Service's National Change of Address ("NCOA") database, which identifies individuals who have moved within the previous four years and filed a change-of-address request with the USPS. (Schachter Decl. ¶ 7.)
- **Forwarding Address Re-Mailings:** If the USPS returns a mailed notice with a forwarding address, Angeion will promptly re-mail the notice to the updated address provided by the USPS. (Schachter Decl. ¶ 7.)
- **Skip Tracing for Undeliverable Notices:** If a mailed notice is returned without a forwarding address, Angeion will conduct additional address verification and skip-tracing searches using publicly available data sources, including public records, property records, and electronic directory assistance listings, to locate updated address information. (Schachter Decl. ¶ 7.)
- **Secondary Re-Mailings:** For Settlement Class Members whose updated addresses are identified through skip tracing, Angeion will re-mail the notice to the newly identified address. (Schachter Decl. ¶ 7.)

These layered procedures are designed to maximize deliverability and ensure that the notice program is reasonably calculated to reach Settlement Class Members.

Based on Angeion's experience administering similar TCPA settlements, direct notice effectuated through reverse telephone number lookups and address updating is expected to successfully reach approximately 80% to 90% of the Settlement Class. (Schachter Decl. ¶ 8.) This expected reach exceeds benchmarks commonly recognized as sufficient under due process standards. The Federal Judicial Center has observed that notice programs reaching approximately 70% of a settlement class are "within the norm" for class actions. (Schachter Decl. ¶ 8.) Accordingly, the notice plan proposed here represents the best notice practicable under the

3

circumstances and fully satisfies Rule 23(c)(2)(B).

## II. EXPERIENCE AND CAPABILITIES OF ANGEION GROUP

The Court also requested additional detail regarding the experience and capabilities of the proposed Settlement Administrator, Angeion Group. The record demonstrates that Angeion is well-qualified to serve in this role and has extensive experience administering settlements of the type at issue here.

Angeion Group is a nationally recognized class action notice and claims administration firm specializing in legal notice programs. (Schachter Decl. ¶ 3.). Collectively, Angeion's executive management team has overseen more than 2,000 class action settlements and the distribution of over $15 billion to class members nationwide. (Schachter Decl. ¶ 3.) Angeion routinely administers settlements involving consumer protection statutes, including the TCPA, FDCPA, privacy statutes, antitrust laws, securities laws, ERISA, and other complex federal and state regimes.

Angeion has significant experience administering TCPA settlements involving prerecorded or artificial voice calls and class lists derived from telephone number data. As set forth in the Schachter Declaration, Angeion has served as settlement administrator in numerous TCPA actions, including:

- *Grogan v. Aaron's Inc.*, No. 1:18-cv-02821 (N.D. Ga.);
- *Carpenter v. Allstate Insurance Co.*, No. 2:21-cv-03381 (S.D. Ohio);
- *Neal et al. v. Wal-Mart Stores, Inc. d/b/a Walmart and Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.);
- *Itayim et al. v. CYS Group Inc.*, No. 0:19-cv-62197 (S.D. Fla.);
- *Vasco v. Power Home Remodeling Group LLC*, No. 2:15-cv-04623 (E.D. Pa.).

(Schachter Decl. ¶ 4.) These matters involved notice plans, claims processing, fraud prevention

measures, and pro rata distributions substantially similar to those proposed in this case.

Eric Schachter, an Executive Vice President of Angeion, has personally implemented and coordinated some of the largest and most complex class action notice and administration programs in the country. Mr. Schachter has more than eighteen (18) years of experience designing and implementing legal notice programs across a wide range of class action matters, including TCPA, consumer, antitrust, securities, privacy, ERISA, insurance, and government agency settlements. (Schachter Decl. ¶ 5.) Angeion maintains a sophisticated operational infrastructure designed to ensure efficient, accurate, and secure settlement administration.

## Conclusion

For the foregoing reasons, Plaintiff respectfully submits that the proposed methods for identifying Settlement Class Members are consistent with best practices in TCPA class action settlements, and that Angeion Group possesses the experience, expertise, and infrastructure necessary to administer this Settlement efficiently and fairly.

Accordingly, Plaintiff respectfully requests that the Court find that the supplemental information provided herein satisfies the Court's January 21, 2026 Order and further supports preliminary approval of the Settlement, approval of the notice plan, and appointment of Angeion Group as Settlement Administrator.

DATED this 26th day of January, 2026.        Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

5

                Hingham, MA 02043
                Tel: (617) 485-0018
                Fax: (508) 318-8100
                anthony@paronichlaw.com

                *Counsel for Plaintiff and the proposed class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.