**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Joshua Charles Kujawa, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Tate & Kirlin Associates, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 2:25-cv-768 |

**(PROPOSED) ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

Joshua Charles Kujawa ("Plaintiff") filed a class action complaint (the "Lawsuit") against Tate & Kirlin Associates, Inc. ("Defendant") as captioned above, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On or around November 19, 2025, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement as directed through the settlement administrator.

On January 27, 2026, upon consideration of Plaintiff's Motion for Preliminary Approval, this Court entered an Order Preliminarily Approving the Settlement. (ECF No. 22.) Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing.

On **[date]**, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine

whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court further finds that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied. More than ninety (90) days have elapsed since service of the CAFA notices, and no federal or state governmental entity has objected to or otherwise commented upon the Settlement.

The Court further finds that the Settlement bears none of the hallmarks of collusion. The Settlement Fund is non-reversionary, provides only cash relief to Settlement Class Members, and is not conditioned upon approval of any particular attorneys' fee award.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Tate & Kirlin Associates, Inc. placed, or caused to be placed, a call to collect a debt, (2) directed to a number assigned to a cellular telephone, but not assigned to a Tate & Kirlin Associates, Inc. client, (3) in connection with which Tate & Kirlin Associates, Inc. used an artificial

2

or prerecorded voice, (4) from February 13, 2021, through the date of preliminary approval, (5) as identified in the Expert Report of Aaron Woolfson.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Anthony Paronich of Paronich Law, P.C. as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

    C.    Plaintiff's claims are typical of the claims of the settlement class members;

    D.    Plaintiff, and Anthony Paronich and Paronich Law, P.C., have fairly and adequately represented and protected the interests of all settlement class members;

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

F.      A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

A.      The existence of fraud or collusion behind the settlement:

The Parties reached an agreement to resolve this matter only after mediating Plaintiff's claims against Defendant with Aaron Weiss. The settlement is therefore not a product of collusion but was the result of arm's-length settlement negotiations, as directed by an experienced class action mediator.

B.      The complexity, expense, and likely duration of the litigation:

Significant motion practice lay ahead, including briefing on Plaintiff's motion for class certification, and competing motions for summary judgment. Given the considerable work already performed in this matter—and the work left to perform, including any appeals—settlement here is warranted.

C.      The stage of the proceedings and the amount of discovery completed:

Courts also consider the degree of case development that class counsel have accomplished prior to settlement to ensure that counsel had an adequate appreciation of the merits of the case before negotiating. The parties engaged in significant discovery, focused both on Plaintiff's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the parties were well-informed regarding the strengths and weaknesses of their respective positions.

D.      The probability of Plaintiff's success on the merits:

Despite obstacles, and with the assistance of a highly respected mediator, Plaintiff

negotiated a settlement that compares favorably to other TCPA class action settlements. To be sure, the per-claimant recovery exceeds that of other recently approved TCPA class action settlements. What's more, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation.

E. The opinions of Plaintiff and Paronich Law

Paronich Law is highly experienced in class action litigation, particularly in cases under the TCPA. And Paronich Law firmly believes that the settlement is fair, reasonable, adequate, and in the best interests of class members.

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account:

    (i)    the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

       (iii)    the terms of any proposed award of attorney's fees, including timing

             of payment; and

       (iv)    any agreement required to be identified under Rule 23(e)(3); and

   (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

   A.    <u>Settlement Fund</u> – Defendant established a $1,000,000.00 non-reversionary fund (the "Settlement Fund").

   B.    <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

       a.    The costs for the administration of the settlement and class notice;

       b.    A service award to the Plaintiff in the amount of $**[#]**;

       c.    Paronich Law's attorneys' fees, in the amount of $**[#]**; and

       c.    Reimbursement of Paronich Law litigation costs and expenses in the amount of $**[#]**.

   C.    <u>Settlement Payments to Class Members</u> – Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The settlement class members were given an opportunity to object to the settlement, however the Court finds that no Settlement Class Member objected to the Settlement and no Settlement Class Member requested exclusion.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

The Court further approves payment of Settlement Administration Costs of 55,275.00 to Angeion Group. The Court finds that the Settlement Administrator successfully implemented the Court-approved notice program, established and maintained the settlement website and toll-free telephone number, processed claims, handled class member communications, administered CAFA notice, and performed all other services required under the Settlement Agreement. The Court further finds that the requested Settlement Administration Costs are fair, reasonable, and necessary for the administration of the Settlement.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, ECF No. **[#]**, class counsel's request for an award of attorneys' fees of $**[#]** of the settlement funds, is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $**[#]** is approved. *See id*.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE